Revised April 22, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lynn Andrea Zelvin,

Plaintiff(s),

against

WEST 30TH STREET LLC and LALEZARIAN PROPERTIES LLC,

Defendant(s).

CIVIL ACTION NO.: 25 Civ. 6195 (JHR)(VF)

**MODEL JOINT ELECTRONIC DISCOVERY SUBMISSION AND PROPOSED ORDER**

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Model Joint Submission and Proposed Order (and any subsequent to this) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Model Joint Submission and Proposed Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

**(1)** **Brief Joint Statement Describing the Action**:

Plaintiff alleges failure to provide reasonable accommodations under the Fair Housing Amendments Act (42 U.S.C. § 3601 et seq.), the New York State Human Rights Law (New York Exec. Law §296), and the New York City Human Rights Law (NYC Admin. Code § 8-101 et seq.).

Plaintiff seeks injunctive relief and damages.

(a) **Estimated amount of Plaintiff(s)' Claim(s):**

__ Less than $100,000
_X Between $100,000 and $999,999
__ Between $1,000,000 and $49,999,999
__ More than $50,000,000
_X Equitable Relief
__ Other (if so, specify) ____________________________________

(b) **Estimated amount of Defendant(s)' Counterclaim(s)/Cross-Claim(s):**

__ Less than $100,000
__ Between $100,000 and $999,999
__ Between $1,000,000 and $49,999,999
__ More than $50,000,000
__ Equitable Relief
__ Other (if so, specify) ____________________________________

**(2)** **<u>Competence</u>**: Counsel certify that they are sufficiently knowledgeable in matters relating to their client(s)' technological systems to competently discuss issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**(3)** **<u>Meet and Confer</u>**: Pursuant to Fed. R. Civ. P. 26(f), counsel **<u>must</u>** meet and confer regarding matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel now certify that they met and conferred to discuss these issues on November 16, 2026.

**(4)** **<u>Unresolved Issues</u>**: After the meet-and-confer conference(s) taking place on the date(s) listed above, the following issues remain outstanding and/or require court intervention: ___ Preservation; ___ Search and Review; ___ Source(s) of Production; Form(s) of Production; _____ Identification or Logging of Privileged Material; ___ Inadvertent Production of Privileged Material; ___ Cost Allocation; and/or ___ Other. Please briefly describe any specific issues below:

The parties have no unresolved disputes regarding ESI.

Both parties reserve all rights to object to relevance and proportionality of any requested information.

To date, the parties have addressed the following issues:

**(5) Preservation:**

(a) The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc. To the extent that the parties have reached agreement as to preservation methods, provide details below:

Plaintiff(s):

Plaintiff has been advised not to delete any personal emails during the pendency of this litigation.

Defendant(s):

To the extent Defendants employ any file deletion protocols, they shall be suspended during the litigation.

(b) State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:

(c) The parties anticipate the need for judicial intervention concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:

Not at this time.

**(6) <u>Search and Review</u>:**

(a) The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:

Plaintiff(s):

Plaintiff shall search for relevant terms as required to comply with discovery requests.

Defendant(s):

Defendants shall search for relevant terms as required to comply with discovery requests.

(b) State if the parties anticipate the need for judicial intervention concerning the search and review of electronically stored information:

Not at this time.

**(7) <u>Production</u>:**

(a) Source(s) of Electronically Stored Information: The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:

Plaintiff(s):

Plaintiff's email and photos/documents stored on his personal devices, including smart phone and laptop computer.

Defendant(s):

Emails and other internal file storage systems.

(b) Limitations on Production: The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:

Plaintiff(s):
Not Applicable.

Defendant(s):
Not applicable.

(c) Form(s) of Production:

(1) The parties have reached the following agreements as to the form(s) of productions:

Plaintiff(s):
Documents will be produced in a reasonably accessible format given the nature of the document produced.

Defendant(s):

Documents will be produced in a reasonably accessible format given the nature of the document produced.

(2) Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

Not applicable.

(3) The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:

Not at this time.

(d) Privileged Material:

(1) Identification: The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

Redacted documents should be logged with the nature of the privilege claimed specified.

Entirely withheld documents should be identified by a general description, the nature of the privilege claimed, and the number of documents withheld.

(2) Inadvertent Production/Claw-Back Agreements: Pursuant to Fed R. Civ. Proc. 26(b)(5) and Fed. R. Evid. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to Fed. R. Evid. 502(d), etc.):

Consistent with Fed R. Civ. P. 26(b(5)(B), the parties will immediately delete electronic copies of produced documents that become subject to a claim of privilege, and will confirm that deletion in writing. The producing party will preserve a copy of the document until the claim of privilege is resolved.

(3) The parties have discussed a 502(d) Order: Yes ___; No X

*The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.*

(e) Cost of Production: The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored

information. The factors and components underlying these costs are estimated as follows:

(1) Costs:

Plaintiff(s):

Each side shall bear its own cost with regard to searching for, identifying, and producing electronically stored documents.

Defendant(s):

Each side shall bear its own cost with regard to searching for, identifying, and producing electronically stored documents.

(2) Cost Allocation: The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:

(3) Cost Savings: The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

The parties agree not to require the use of a third party vendor to facilitate discovery of ESI.

(f) State if the parties anticipate the need for judicial intervention concerning the production of electronically stored information:

Not at this time.

**(8) <u>Other Issues</u>:**

None at this time.

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: L. Andrea Zelvin By: Rebekah Diller, Cardozo Bet Tzedek Legal Services

Party: ______________ By: ______________

Party: Defendants By: Bruce H. Lederman, Esq

Party: ______________ By: ______________

Party: ______________ By: ______________

Party: ______________ By: ______________

The next scheduled meet-and-confer conference between the parties to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on:______________________. The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for_______________. Additional conferences, or written status reports, shall be set every four (4) weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. An agenda should be submitted to the Court four (4) days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court by Letter-Motion at least 48 hours in advance of a scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Additional Instructions or Orders, if any:

Revised April 22, 2022

Dated: New York, New York
________, 20__

SO ORDERED

November 20, 2026

_____________________________
**VALERIE FIGUEREDO**
**United States Magistrate Judge**